UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DOYLE HARRIS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF | § § | |
| v. | § § | CA NO. 5:23-cv-382 |
| DELTACON GLOBAL, INC, | § § § | |
| DEFENDANT | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Doyle Harris ("Named Plaintiff") on behalf of himself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred to as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against the above named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant has violated the FLSA by failing to pay overtime premiums to its security guards, and by shorting its security guards on their reported hours, in violation of the FLSA and Texas common law.

3. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendant's compensation policies, Named Plaintiff brings this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Named Plaintiff Doyle Harris is an individual residing in Bexar County, Texas. His notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A.

5. At all relevant times, Harris was an "employee" of Defendant as defined by the FLSA.

6. At all relevant times, Defendant was Harris's "employer" as defined by the FLSA.

7. Plaintiffs are Defendant's current and former hourly security guards who were not paid overtime premiums for all hours worked over forty per workweek.

8. Defendant Deltacon Global Inc. provides both security and investigation services, and claims to be able to provide any number of required security officers for any project anywhere around the world.

9. Defendant Deltacon Global Inc. was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

10. Defendant Deltacon Global Inc. can be served by serving its owner and registered agent for service of process, Jesse Oduaran at 12808 W. Airport Blvd., Sugarland, Texas 77478.

11. At all times hereinafter mentioned, Deltacon Global Inc. exercised managerial responsibilities and substantial control over its employees, including Named Plaintiff, and the terms and conditions of their employment.

12. Deltacon Global Inc. had and exercised the authority to hire, fire and direct its employees, including Named Plaintiff.

13. Deltacon Global Inc. had and exercised the authority to supervise and control the employment relationships and work schedules of its employees, including Named Plaintiff.

14. Deltacon Global Inc. had and exercised the authority to set and determine the rate and method of pay of its employees, including Named Plaintiff.

15. Deltacon Global Inc. had and exercised the authority to decide whether its employees, including Named Plaintiff, received overtime compensation.

16. Deltacon Global Inc. also kept and maintained employment records for all of its employees, including Named Plaintiff .

### III. JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

18. The Court has personal jurisdiction over Defendant because Defendant conducts business in Texas and has entered into relationships with Plaintiff in Texas and has committed actions in Texas that give rise to this cause of action.

19. Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this cause of action occurred in this District and Division. Inasmuch as Defendant is subject to this Court's personal jurisdiction for purposes of this civil action, Defendant resides in this judicial district. Venue in this Court is

therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

20. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

21. At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all relevant times, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

24. Named Plaintiff and Class Members handled and otherwise worked with equipment, such as telephones, flashlights, computers and vehicles that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

25. At all times hereinafter mentioned, Named Plaintiff and the Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

26. Defendant provides security services for various businesses in and around Texas.

27. Named Plaintiff worked for Defendant providing security services for businesses in San Antonio.

28. Defendant paid Named Plaintiff on an hourly basis.

29. Defendant regularly refused to pay Named Plaintiff overtime premiums for any hours worked over forty per workweek.

30. Defendant also routinely shorted Named Plaintiff's hours.

31. When Named Plaintiff inquired about overtime premiums for hours worked over forty per week, Defendant informed him that it did not have to pay overtime pay.

32. Named Plaintiff consistently worked between 48 to 60 hours per week.

33. Defendant required Named Plaintiff to work the long hours described above, and thus knew that Named Plaintiff regularly worked in excess of 40 hours per week.

34. Defendant has employed and is employing other individuals who have performed the same or similar job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same or similar job duties and have been shorted hours and denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay for all hours worked over forty per workweek.

35. Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of shorting hours/failing to pay Named Plaintiff and the Class Members overtime premiums for all hours worked over forty per workweek.

## VI. COLLECTIVE ACTION ALLEGATIONS

36. Named Plaintiff and the Class Members have performed—and are performing—the same or similar job duties as one another. Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that their reported hours were illegally shorted and they were not paid overtime premiums for any hours worked over forty per workweek. Thus, the Class Members are owed one and one-half times their properly calculated regular hourly rate for all hours worked over forty in a workweek without regard to their individualized circumstances.

37. Defendant has a policy or practice of shorting the hours of its security guards and of not paying its security guards overtime premiums for all hours worked over forty per workweek. These policies and practices are and have been, at all relevant times, applicable to the Named Plaintiff and all Class Members. Application of these policies and practices do not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policies and practices that resulted in the refusal to pay for all hours worked and a refusal to pay overtime premiums for any hours worked over forty per workweek to Named Plaintiff also apply to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former hourly security guards who were not paid for all hours worked and/or who were not paid overtime premiums for all hours worked over forty per workweek.**

## VII. CAUSES OF ACTION

### A. FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

38. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in

excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed. Defendant has acted willfully in failing to pay Named Plaintiff and the Class Members in accordance with applicable law.

39. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to the Named Plaintiff or Class Members.

### B. MONEY HAD AND RECEIVED UNDER THE COMMON LAW OF TEXAS

40. By refusing to pay Named Plaintiff and the Class Members for all hours reported, Defendant obtained money which in equity and good conscience belongs to Named Plaintiff and the Class Members. *See H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 507 (Tex. App.—Fort Worth 2012, no pet.) (*citing Staats v. Miller*, 150 Tex. 581, 584, 243 S.W.2d 686, 687 (1951)) ("Money had and received is an equitable action that may be maintained to prevent unjust enrichment when one person obtains money which in equity and good conscience belongs to another.").

41. Defendant obtained Named Plaintiff's and the Class Members' unpaid wages maliciously.

### C. FAILURE TO PAY MINIMUM WAGES UNDER THE FAIR LABOR STANDARDS ACT

42. During the relevant period, Defendant has violated and is violating Section 6 of the FLSA, 29 U.S.C. §§ 206, and 215(a)(2), by employing Named Plaintiff and the Class Members in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, and failing to pay them at the minimum wage rate. Defendant has acted willfully in failing to pay Named Plaintiff and the Class Members in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

Named Plaintiff and the Class Members pray for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and, upon trial of this cause, judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

b. For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c. For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

Welmaker Law, PLLC


/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
409 N. Fredonia, Suite 118
Longview, Texas 75601
(512) 799-2048
Email: doug@welmakerlaw.com


**ATTORNEY FOR PLAINTIFF**